Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

Attorneys for Aaron Ward

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aaron Ward<br><br>                    Plaintiff,<br>v.<br><br>Verizon Wireless (VAC), LLC and Diversified Adjustment Services, Inc. | Case No: **'14CV2344 AJB RBB**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

     collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Aaron Ward, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Verizon Wireless (VAC), LLC and Diversified Adjustment Services, Inc., ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

8. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

**JURISDICTION AND VENUE**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"), California's identity theft statutes, California Civil Code §§ 1798.92-1798.97, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785 *et seq*.

11. Plaintiff is a resident of San Diego, California.

12. Each of the Defendants regularly operate within the county of San Diego offering their services and/or reaching out to alleged debtors to collect on alleged debts.

13. Defendant Verizon Wireless (VAW), LLC ("Verizon") regularly offers services and maintains physical storefronts in San Diego County.

14. Defendant Diversified Adjustment Service, Inc. ("DAS") attempts to collect alleged debts against consumers in San Diego County by sending letters, making phone calls, and reporting on San Diego county resident's credit reports.

15. Specifically, Verizon was notified by Plaintiff that the alleged debt was the result of identity theft and not owed by Plaintiff. However, Verizon and DAS continue to attempt to collect this alleged debt not owed by Plaintiff from Plaintiff in San Diego county.

16. These services and collection efforts towards Plaintiff by Defendants in the County of San Diego are the actions that give rise to the claim alleged and

therefore venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2).

17. At all times relevant, Defendants conducted business within the State of California.

18. Because Defendants do business within the State of California, personal jurisdiction is established.

### PARTIES

19. Plaintiff is a natural person who resides in the City of San Diego, State of California.

20. Defendant Verizon Wireless (VAW), LLC ("Verizon") is located in the City of Basking Ridge, in the State of New Jersey.

21. Defendant Diversified Adjustment Service, Inc. ("DAS") is located in the City of Coon Rapid, in the State of Minnesota.

22. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

23. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

24. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

25. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

26. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

27. Sometime in October 2012 an unknown person willfully obtained Plaintiff's personal identifying information, and used that information to fraudulently open a cellular service account with Verizon, using Plaintiff's name, social security number, and an address in Tempe, Arizona, where Plaintiff did not reside.

28. As a result of this identity theft, Plaintiff is alleged to have incurred certain financial obligations to Verizon for this cellular service account.

29. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

30. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

31. Sometime thereafter, but before September of 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

32. Subsequently, but before September of 2013, the alleged debt was assigned, placed, or otherwise transferred, to Diversified Consultants, Inc. for collection.

33. Verizon instructed Diversified Consultants, Inc. to take action necessary to collect on the alleged debt.

34. On or about September 2013, Plaintiff received a telephone call from Diversified Consultants, Inc. This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

35. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

36. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

37. This was the first instance, where Plaintiff became aware of this alleged debt.

38. As a result of the call from Diversified Consultants, Inc. , Plaintiff obtained his Experian credit report on September 20, 2013 and discovered that Verizon was reporting that Plaintiff owed $556.00 to Verizon.

39. The next day, on September 21, 2013, Plaintiff contacted the San Diego Police department and filed a police report regarding the identity theft.

40. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff, through counsel, notified Defendants in writing, that this alleged debt, was disputed, and was a result of fraud. In this letter, Plaintiff's counsel included the Case Number with the San Diego Police Department, where Plaintiff had filed a report of identity theft.

41. Subsequently, on November 7, 2013, Plaintiff, through counsel, sent a letter to Verizon detailing the evidence that the account reported by Verizon was opened fraudulently and included a copy of a Federal Trade Commission Fraud Affidavit, San Diego Police Report, a copy of Plaintiff's California driver's license, and a copy of the credit report in dispute.

42. Thereafter, Plaintiff did not hear from Verizon or Diversified Consultants, Inc. and believed the matter to be resolved.

43. However, on February 22, 2014 Plaintiff obtained an up-to-date credit report from Experian and found that Verizon was still reporting that Plaintiff owed $556.00 to Verizon, despite having been informed that the debt was a result of fraud and in dispute.

44. Verizon violated CCRAA § 1785.25(a) by furnishing information to a consumer credit reporting agency knowing the information was inaccurate.

45. Through Plaintiff's November 7, 2013 letter, Plaintiff provided written notice to Verizon at the address designated by the claimant for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the facts, as required by Cal. Civ. Code § 1798.93(b)(6)(A).

46. Thereafter, Verizon failed to diligently investigate Plaintiff's notification of possible identity theft, and continued to pursue its claim against Plaintiff after being presented with facts to demonstrate that the alleged debt was a result of identity theft, as defined by Cal. Penal Code § 530.5.

47. Verizon continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

48. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

49. Through this conduct, Defendant communicated or threatened to communicate to a person credit information which was known or which should have been known to be false, including the failure to communicate that a disputed debt is disputed. Consequently, Defendant violated 15 U.S.C. § 1692e(8).

50. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information

concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

51. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

52. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

53. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

54. Subsequently, on March 20, 2014, Plaintiff, through counsel, submitted his dispute information regarding the identity theft to Experian along with a copy of a Federal Trade Commission Fraud Affidavit, San Diego Police Report, a copy of Plaintiff's California driver's license, and a copy of the credit report in dispute.

55. After an investigation, the Verizon account was removed from Plaintiff's Experian credit report.

56. However, despite the several notifications and disputes regarding this alleged account, Verizon continued to pursue Plaintiff by hiring a new debt collector.

57. Subsequently, but before August 12, 2014, the alleged debt was assigned, placed, or otherwise transferred, to Diversified Adjustment Services, Inc. ("DAS") for collection.

58. Verizon instructed DAS to take action necessary to collect on the alleged debt.

59. On or about August 12, 2014, Plaintiff received a telephone call from DAS. This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines

that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

60. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

61. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

62. For a period of at least two weeks, DAS continued to call Plaintiff through the days.

63. Again, Verizon's continued illegal collection actions after failing to conduct a diligent investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

64. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

65. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

66. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

67. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

68. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

69. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

71. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

72. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

73. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

74. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);

statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## COUNT III

### CONSUMER CREDIT REPORTING AGENCIES ACT (CCRAA)

### (CAL. CIVIL CODE § 1785 ET SEQ.)

### AGAINST DEFENDANT VERIZON

75. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

76. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of CCRAA § 1785.25(a).

77. As a result of each and every violation of the CCRAA, Plaintiff suffered denials of credit, worry, fear, distress, frustration, damage to reputation, embarrassment, humiliation, loss of economic opportunity and lost opportunity to obtain credit and is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from Defendant.

## COUNT IV

### VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97

### AGAINST DEFENDANT VERIZON

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. Plaintiff has proffered sufficient evidence to prove by a preponderance of evidence to establish that he was a victim of identity theft.

80. The foregoing acts and omissions constitute numerous and multiple violations of Cal. Civ. Code § 1798.92-1798.97.

81. As a result of each and every violation of Cal. Civ. Code § 1798.92-1798.97, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Defendants for the Account pursuant to Cal. Civ. Code § 1798.93(c)(1), an injunction restraining Defendants from collecting on the Account Cal. Civ. Code § 1798.93(c)(3), actual damages, attorney's fees and costs and any equitable relief the court deems appropriate Cal. Civ. Code § 1798.93(c)(5), a civil penalty, in addition to other damages, in the amount of $30,000 Cal. Civ. Code § 1798.93(c)(6).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### Count I

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

### Count II

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### Count III

- That there be Judgment in favor of Plaintiff and against Defendant Verizon jointly and severally for all reasonable damages sustained by Plaintiff, including but not limited to actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience,

lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security and for punitive/exemplary damages, attorneys fees, court costs and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid;

### Count IV

- A declaration that Plaintiff is not obligated to Defendants for the Account pursuant to Cal. Civ. Code § 1798.93(c)(1);
- An injunction restraining Defendants from collecting or attempting to collect from Plaintiff on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with that claim, or from enforcing or executing on any judgment against the Plaintiff on that claim pursuant to Cal. Civ. Code § 1798.93(c)(3);
- Actual damages, attorney's fees and costs and any equitable relief the court deems appropriate Cal. Civ. Code § 1798.93(c)(5); and
- A civil penalty, in addition to any damages, of up to thirty thousand dollars ($30,000) as Plaintiff has proffered sufficient evidence to establish by clear and convincing evidence that:
  1. Plaintiff provided Defendants written notice that a situation of identity theft existed and explained the basis for that belief.
  2. Defendants failed to diligently investigate the Plaintiff's notification of identity theft.
  3. Defendants continued to pursue their claim against Plaintiff after Defendants were presented with facts that were later held to entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93

2. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: October 2, 2014                 By: /s/Jessica R. K. Dorman
                                         Jessica R. K. Dorman
                                         Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Aaron Ward

### DEFENDANTS
Verizon Wireless (VAC), LLC; and Diversified Adjustment Services, Inc.

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: 
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jessica R. K. Dorman, Esq. (279919); Robert L. Hyde, Esq. (227183)
Hyde & Swigart          (619) 233-7770
2221 Camino Del Rio South, Suite 101, San Diego, CA 92108

Attorneys *(If Known)*
'14CV2344 AJB RBB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  | ☐ 791 Employee Retirement Income Security Act |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq.
Brief description of cause:
Violations of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 10/03/2014
SIGNATURE OF ATTORNEY OF RECORD: s/Jessica R. K. Dorman

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.